UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CHRISTOPHER CURTIS FRITTS, )
#499052, )
 )
    *Plaintiff*, ) No.: 3:14-cv-389-PLR-HBG
 )
v. )
 )
LOUDON COUNTY SHERIFF'S )
DEPARTMENT, CORRECTIONAL )
OFFICER A. RYNER, and )
CORRECTIONAL OFFICER JORDAN )
SAMUELS,[1] )
 )
    *Defendants*. )

### MEMORANDUM AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section

---

[1] This action was filed in the United States District Court for the Western District of Tennessee and transferred to this Court. The Western District directed its Clerk to record the defendants as Loudon County and Lenoir City. Upon further review, this Court finds that the defendants are the Loudon County Sheriff's Department and Correctional Officers A. Ryner and Jordan Samuels. The Clerk is **DIRECTED** to correct the docket sheet to reflect the proper defendants.

1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

Under the Prison Litigation Reform Act (PLRA), district courts must screen prisoner complaints and sua sponte dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g., Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

> Responding to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits, Congress directed the federal courts to review or "screen" certain complaints sua sponte and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious.

*Id*. at 1015-16 (6th Cir. 1999) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns events that took place at the Loudon County Jail in Lenoir City, Tennessee. The defendants are the Loudon County Sheriff's Department and Correctional Officers A. Ryner and Jordan Samuels. The Loudon County Sheriff's Department is not a suable entity within the meaning of 42 U.S.C. § 1983 and it is **DISMISSED** from this action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (a police department is not an entity which can be sued under § 1983); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

Plaintiff makes generalized complaints concerning the food he was served at the Loudon County Jail and the lack of a law library. Although he lists Correctional Officers Ryner and Samuels as defendants, he has not made specific allegations against the individual defendants. Therefore, plaintiff will have twenty (20) days from the date hereof to amend his complaint to state exactly how his constitutional rights were violated and the specific defendant or defendants who violated his constitutional rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA.").

Plaintiff's failure to amend his complaint will result in the complaint being dismissed for failure to state a claim and for failure to prosecute and to follow the orders of this Court. Plaintiff is **ORDERED** to inform the Court in writing immediately of any address changes. Failure to provide a correct address to this Court within ten (10) days following any change of address will result in the dismissal of this action.

**E N T E R :**

_____
UNITED STATES DISTRICT JUDGE