# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRISTOPHER CURTIS FRITTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-cv-00389 |
| v. ) | REEVES/GUYTON |
| ) | |
| A. RYNER and JORDAN SAMUELS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc.1]. The Court previously granted Plaintiff leave to proceed *in forma pauperis*, screened Plaintiff's original complaint, and allowed Plaintiff twenty days to amend his complaint to state exactly how his constitutional rights were violated and the specific Defendant(s) that violated his constitutional rights [Doc. 11]. Plaintiff has filed his amended complaint [Doc. 12]. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

I.   **Screening Standard**

District courts shall, at any time, *sua sponte* dismiss any claims filed *in forma pauperis* that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B)  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a review under this rule, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Allegations of the Complaint

In his complaint, Plaintiff states that he was "fed food loafs [sic] for over seventy-two hours [Doc. 1 p. 1]. In his complaint and amended complaint, Plaintiff alleges that he has been unable to study law books and fight his case, as the jail has no law library, and that Defendants Ryner and Samuel told Plaintiff to sue them for the fact that they would not allow Plaintiff to see the law books [*Id.*; Doc. 11 p. 1]. Plaintiff also alleges that his "food rights" have been violated, specifically alleging that his food is served uncovered and cold and that the individuals working with and serving the food do not wear hairnets, beard guards, or rubber gloves [*Id.*]. Plaintiff also states that the jail sometimes does not give him mail for a week after the jail has received it [*Id.*].

## III. Legal Analysis

First, Plaintiff's claim as to the lack of access to law books fails to state a claim upon which relief may be granted under § 1983, as Plaintiff has not alleged that the lack of access to such books has affected any of his cases or claims. An inmate has a right of access to the courts under

the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). In order to establish such a claim for violation of this right, a plaintiff must show that his efforts to pursue a non-frivolous legal claim regarding his conviction or conditions of confinement have been obstructed. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, a plaintiff must plead and prove that his meritorious claims have been prejudiced by the alleged denial of access to the courts. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). As Plaintiff has alleged no such prejudice, this claim fails to state a claim upon which relief may be granted under § 1983.

Further, as to the claims regarding food, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original); *see also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Cold food is an ordinary incident to prisoner life and fails to state a claim for violation of the Eighth Amendment. *Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977). Further, the conditions in which Plaintiff alleges the jail's food is cooked and served do not allow the Court to plausibly infer any grave risk to Plaintiff. As such, these allegations fail to state a claim upon which relief may be granted under § 1983.

Lastly, while Plaintiff's amended complaint seeks to add the Loudon County Sheriff's Department back as a Defendant and, in his amended complaint, Plaintiff alleges that he "sometimes" does not get mail until a week after the jail has received it, Plaintiff does not set forth any facts tending to suggest that any official policy causes this delay. Accordingly, even if the

Court liberally construes this claim as against Loudon County, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this governmental entity. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (holding that, for a constitutional tort to be actionable against a governmental entity under § 1983, an official policy must be the moving force behind the alleged constitutional violation).

### IV. Conclusion

For the reasons set forth above, even liberally construing the complaint and amended complaint in favor of Plaintiff, they fail to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

*[signature: Pamela L. Reeves]*
**UNITED STATES DISTRICT JUDGE**